IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) Case No. 12-CV-441-JED-FHM
v. )
)
MARK ANDRES GREEN, JANA RAE GREEN, )
D. SCOTT HEINEMAN AND KURT F. )
JOHNSON AS TRUSTEES OF THE GREEN )
FAMILY TRUST, BROOKLYN M. GREEN, )
WELLS FARGO HOME MORTGAGE, )
BANK OF AMERICA, N.A., and )
WORLD SAVINGS BANK FSB, )
)
    Defendants. )

**OPINION AND ORDER**

Before the Court are the Motions for Summary Judgment filed by the United States (Doc. 64), and Bank of America, N.A. (Doc. 80).

**I.    Background**

*The Properties*

The plaintiff, United States of America, seeks to enforce tax liens against three properties (collectively the "Properties") owned or beneficially owned by the Greens, described as follows:

"Beech Property" at 4328 Beech Avenue, Broken Arrow, Oklahoma

Lot Fifteen (15), Block Four (4), Aspen Park, an addition to the City of Broken Arrow, Tulsa County, Oklahoma.

"Aspen Property" at 4200 South Aspen Place, Broken Arrow, Oklahoma

A tract of land located in the Southeast Quarter of the Northeast Quarter (SE/4NE/4) of Section Twenty-eight (28), Township Eighteen (18) North, Range Fourteen (14) East of the Indian Base and meridian, Tulsa County, State of Oklahoma, according to the United States Government Survey thereof, being more particularly described as follows, to-wit:

BEGINNING at the Southeast corner of the NE/4 of said Section 28; thence North 197.10 feet; thence West 221.0 feet; thence South 197.10 feet; thence East 221.0 feet to the POINT OF BEGINNING.

"111th Street Property" at 13565 111th Street, Broken Arrow, Oklahoma

The W/2 SE/4 SE/4 SW/4 of Section 28, Township 18 North, Range 14 East of the Indian Base and Meridian, Tulsa County, State of Oklahoma.

*The Tax Assessments*

Between 1996 and 2002, the Internal Revenue Service (IRS) determined that defendants Mark Andres Green and Jana Rae Green filed 12 frivolous federal income tax returns. Jana Green did not oppose the summary judgment motions. Although Mark Green filed responses with taxpayer protest type arguments and other arguments that are at times indecipherable, he presented no evidence to controvert the specific bases upon which the returns were determined frivolous. The Greens were assessed penalties for each of those frivolous returns. The Greens also owe unpaid federal income taxes for years 1999, 2000, and 2010. Additional assessments were made by the Secretary of Treasury for taxes, penalties, and interest owing.

*The Attempt to Participate in a Mortgage-Elimination Scheme*

In 2004, the Greens learned that D. Scott Heineman and Kurt F. Johnson claimed to be able to eliminate a person's mortgage payments, through a process which Heineman and Johnson called the Dorean Process. Johnson and Heineman were convicted of federal fraud crimes in relation to that process. In affirming those federal convictions, the Ninth Circuit Court of Appeals summarized the "Dorean Process" scheme as follows:

> In 2004-2005, Kurt F. Johnson and Dale Scott Heineman started a debt-elimination program. The premise of their program was that banks had an unfair advantage over borrowers; the program purportedly provided a mechanism for borrowers to eliminate their mortgage debt. The program was entitled the "Dorean Process" and consisted of several steps. *Homeowners first transferred their interest in their properties to a trust, naming the defendants as trustees.* The defendants then sent demand notices to the lenders questioning the validity of

their lending practices. *When banks failed to respond or "prove" that their lending practices were valid, the defendants recorded bogus documents with county clerks' offices ostensibly establishing that the homes were no longer subject to a mortgage.* The homeowners then refinanced with a different bank using their supposedly unencumbered homes as collateral. In addition to upfront fees, Heineman and Johnson also took as a fee a significant portion of the proceeds of the new loans the homeowners thus obtained. By their own admission, the defendants made over three million dollars in this scheme.

*United States v. Johnson*, 610 F.3d 1138, 1140 (9th Cir. 2010) (emphasis added).

The Greens attempted to participate in this fraudulent mortgage elimination process and attempted to create the Green Family Trust naming Heineman and Johnson as purported trustees. Mark Green acknowledges that the Green Family Trust was not completed or formally created, and the Greens never obtained copies of fully executed trust documents. Nonetheless, on June 10 and September 15, 2004, the Greens executed quitclaim deeds for the three Properties to the Green Family Trust, at the direction of Heineman and Johnson. Before doing so, Mr. Green was aware that the Greens owed money to the IRS. The Trust paid no consideration to the Greens for title to the Properties. Johnson and Heineman then filed bogus instruments purporting to discharge mortgages on the Properties. Notwithstanding the filing of the bogus documents, the Greens continued to make mortgage payments on the Properties and have personally paid other expenses on the Properties. They have resided on the Beech Property continuously since 1990. They consider themselves to be the owners of the Properties and they make decisions with respect to the Properties without consulting Heineman or Johnson.[1]

On March 19, 2008, Heineman and Johnson were found guilty of conspiracy to commit mail fraud, wire fraud, and bank fraud due to their fraudulent trust scheme. The government also filed a civil suit against Johnson and Heineman, based upon their actions relating to Properties

---

[1] The Court has entered a Default Judgment against Heineman and Johnson, as the purported Trustees of the Green Family Trust, because they did not properly appear on behalf of the Trust through counsel. (*See* Doc. 148).

3

throughout the nation (i.e. like the Greens' Properties). Following the entry of summary judgment determining that the scheme devised by Heineman and Johnson was fraudulent and ordering that they be permanently enjoined from "engaging in activities related to their fraudulent scheme," the federal district court entered an Amended Final Judgment that

> any conveyances that a homeowner made upon direction from [Johnson and Heineman] to a so-called 'family trust' which named defendants as trustees are null and void, and any interest in the homeowner's property that was transferred to such a family trust is hereby transferred back to the homeowner. The county clerk, county recorder's office, or register of deeds shall consider this Amended Final Judgment sufficient to transfer a homeowner's interest in his or her property from a family trust to the homeowner.

(*See* Doc. 65-49; *United States v. Heineman, Johnson et al.*, No. C 05-2730 WHA, (N.D. Cal. Aug 18, 2008 Order and Oct. 14, 2008 Amended Final Judgment)).

*The Mortgages*

The Greens obtained a mortgage on the Beech Property on March 30, 2004, and the mortgage is now held by Wells Fargo Bank, N.A. The Greens obtained a purchase money mortgage on the Aspen Property on September 12, 2003, and the mortgage is now held by Bank of America, N.A. On April 20, 2004, the Greens obtained a mortgage on the 111th Street Property, which is now held by Wells Fargo Bank, N.A. All three mortgages were recorded before the United States filed its notice of federal tax lien.

**II.  Discussion**

The United States seeks to reduce to judgment the federal tax and penalty assessments against the Greens. The United States has produced Certificates of Assessments and Payments, Forms 4340, to demonstrate the validity of the assessments. The Greens have failed to pay the tax liabilities, and they remain indebted to the United States. "For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment

was made in accordance [with statutory and regulatory requirements]." *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) (collecting cases). The United States has accordingly established its prima facie case of the Greens' tax liability. *See id.*

The Greens thus have the burden to establish to the contrary. As noted, Jana Green did not oppose the motions. Mark Green did file briefs in opposition. His response to the motion of the United States primarily contains arguments that are patently frivolous and based upon partial citations to inapplicable portions of regulations, statutes, and cases, in an effort to promote his convoluted interpretation of the Internal Revenue Code. In responding to Bank of America's motion, Mr. Green argues that the Bank lacks standing. The Court rejects that argument as meritless. Most of the cites in Mark Green's papers are unaccompanied by any discernable application or argument. These "tax protester" type arguments, including his suggestion that wages are not taxable, have been uniformly rejected by the courts. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Connor*, 898 F.2d 942, 943 (3rd Cir. 1990) ("Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income.") (citing authorities); *see also* 26 U.S.C. § 61 ("gross income" means all income from whatever source and includes compensation for services).

While Mark Green generally asserts that he did not receive all "procedural documents" required by 26 U.S.C. § 6303, Jana Green has not made that argument, and in any event, Mark Green has not provided any evidence to dispute that the United States sent notices of the assessments and demands for payment as required by that statute. The Greens have not established the existence of any genuine dispute of material fact relating to the validity of the tax assessments and penalties, and summary judgment is appropriate on the tax liens and enforcement thereof against the Properties is proper.

Both the United States and Bank of America request in their motions (Doc. 64, 80) that the documents filed pursuant to the mortgage-debt elimination scheme in a fraudulent effort to eliminate the mortgages on the Properties be determined null, void, and without effect. Mark Green admits that "the Trust was never finished therein it is Null and Void." (Doc. 84 at 5).

As noted, the District Court for the Northern District of California determined that "any conveyances that a homeowner made upon direction from [Johnson and Heineman] to a so-called 'family trust' which named defendants as trustees are null and void, and any interest in the homeowner's property that was transferred to such a family trust is hereby transferred back to the homeowner." Consistent with that determination and the undisputed evidence regarding the improper conveyance of the Properties to the Green Family Trust, the Court determines that the transfers of the Properties into the Trust, and all instruments filed on the Properties pursuant to the fraudulent mortgage-debt elimination scheme, should be declared null and void.

IT IS THEREFORE ORDERED that the summary judgment motions filed by the United States and Bank of America, N.A. (Doc. 64, 80) are hereby **granted**. Further, the Court makes the following determinations and orders:

1. Mark Andres Green and Jana Rae Green are jointly and severally liable to the United States for unpaid federal income taxes and penalties in the amount of $210,385.47, plus interest and statutory additions according to law from August 1, 2012 until paid, as provided by 26 U.S.C. § 6601;

2. Mark Andres Green is liable to the United States for an additional amount for unpaid civil penalties in the amount of $3,479.95, plus interest and statutory additions according to law from August 1, 2012 until paid, as provided by 26 U.S.C. 6601;

3. The transfers or attempted transfers of the Properties into the Green Family Trust are null and void. The Greens are the owners of the Properties;

4. The instruments filed of record by the Greens, Heineman or Johnson in an attempt to extinguish or diminish the lien rights of the mortgagee Banks or the United States, including without limitation any Mortgage Note Rider, Specific Power of Attorney, and/or Discharge of Mortgage, are likewise null, void, and without effect;

5. The United States may enforce its federal tax liens against the Properties, and the sales of those Properties are ordered, with the proceeds to be applied as follows:

    a. *Beech Property*

        i) The proceeds of the sale of the Beech Property shall first be distributed to Wells Fargo Home Mortgage Inc., now Wells Fargo Bank, N.A., in the amount of the unpaid mortgage held by Wells Fargo Home Mortgage Inc.;

        ii) The remaining proceeds shall be distributed to the United States, and the United States shall apply the proceeds against the unpaid federal income tax liabilities of Mark Andres Green and Jana Rae Green;

    b. *Aspen Property*

        i) The proceeds of the sale of the Aspen Property shall first be distributed to Bank of America, N.A. in the amount of the unpaid mortgage held by Bank of America, N.A.

        ii) The remaining proceeds shall be distributed to the United States, and the United States shall apply the proceeds against the unpaid federal income tax liabilities of Mark Andres Green and Jana Rae Green;

    c. *111th Street Property*

        i) The proceeds of the sale of the 111th Street Property shall first be distributed to World Savings Bank, now Wells Fargo Bank, N.A., in the amount of the unpaid mortgage held by World Savings Bank, now Wells Fargo Bank, N.A.

        ii) The remaining proceeds shall be distributed to the United States, and the United States shall apply the proceeds against the unpaid federal income tax liabilities of Mark Andres Green and Jana Rae Green;

    d. *Remaining Proceeds*

    If the federal income tax liabilities of Mark Andres Green and Jana Rae Green are fully satisfied after applying the proceeds from the sales of the Properties in accordance with this Opinion and Order, any remaining proceeds shall then be distributed to Mark Andres Green and Jana Rae Green;

6. Brooklyn Green is dismissed from this suit and all of the United States' claims alleged in the Complaint against Brooklyn Green are dismissed in accordance with the Joint Stipulation of Voluntary Dismissal (Doc. 29);

and

7. Within 10 days of the filing of this Opinion and Order, the plaintiff shall confer with the Banks and shall submit a proposed Judgment consistent with the rulings herein.

SO ORDERED this 31st day of March, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE