## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CV-441-JED-FHM |
| v. | ) | |
| | ) | |
| MARK ANDRES GREEN et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the "Motion to Vacate Judgment including Under Rule 60(b)(3)(4)(6)" [sic] (Doc. 151), filed by defendants Mark Andres Green and Jana Rae Green. Their arguments are less than clear. Construed liberally in light of their pro se status, it appears that the Greens contend that the Court lacked authority to enter the Judgment it entered on April 13, 2015. The plaintiff filed a response to the motion (Doc. 158), and the Greens filed a reply (Doc. 170).[1]

**I.   Standards**

The Greens' Motion is premised upon Fed. R. Civ. P. 60(b), subsections (3), (4), and (6), which provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ...

---

[1] The Greens' reply contains over 22 pages of text, exclusive of tables and signatures. (Doc. 170). Prior to the filing of the reply, the Court **denied** the Greens' request to file an oversized reply and ordered that an earlier reply, which contained over 40 pages of text and was filed by the Greens without authorization, be stricken. (Doc. 168). In that Order, the Court noted that the plaintiff's response included only four pages of text and that the Greens had shown no justification for needing additional pages beyond the 10 pages permitted under N.D. Okla. LCvR 7.2(h). The Court gave the Greens additional time to file a reply brief of no more than 10 pages. (Doc. 168). In blatant disregard of that Order and LCvR 7.2(h), the Greens filed a reply brief containing over 22 pages of text, much of which is a regurgitation of prior briefing. Rather than delay this matter any further by permitting the Greens another chance to comply with this Court's order and the Local Rules, the Court has elected to consider the oversized reply.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; ...

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In this Circuit, it is well-settled that "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

To obtain relief from a judgment under Rule 60(b)(3), the moving party "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich*, 426 F.3d at 1290. "In other words, 'they must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct.'" *Id.* (citations omitted). Under Rule 60(b)(4), "[a] judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'" *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)). Relief from judgment under Rule 60(b)(6) "is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'" *Zurich*, 426 F.3d at 1293 (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999)). "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial," but must identify "reasons other than those enumerated in the previous five clauses" of Rule 60(b). *Id.* (citing *Buck*, 281 F.3d at 1341).

## II. Discussion

Without any coherent analysis or explanation, the Greens assert several arguments apparently intended to support their assertion that "[t]his Court lacks jurisdiction under the stricture of being a bona fide Article III Court arising under the Constitution of the United States exercising the judicial Power of the United States in the territorial boundaries of the several States." (Doc. 151 at 3). While the Greens use extensive bolding and underlining throughout their Motion, their argument is mostly incomprehensible. They do not explain their contention that this Court is not a "bona fide Article III Court." While they emphasize that the United States Tax Court, as an Article I court, adjudicates "federal rights" and "public rights," they do not coherently explain why that assertion has any application to this Court's Judgment in this case.

To the extent the Greens are arguing that this Court lacked subject matter jurisdiction over the plaintiff's suit to reduce tax assessments to judgment and foreclose federal tax liens on the properties that are the subject of the Judgment, federal law provides to the contrary. The Internal Revenue Code expressly authorizes this type of suit and the Court's Judgment:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.... All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.
>
> The Court shall ... proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

3

26 U.S.C. § 7403(a)–(c); *see also* 28 U.S.C. § 1340 ("district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue..."); 28 U.S.C. § 1345 ("district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress"); 26 U.S.C. § 7402(a) (district courts have jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"); *United States v. Dawes*, 161 F. App'x 742, 744-45 (10th Cir. 2005) (rejecting arguments that a district court lacked subject matter jurisdiction in a similar action: "Contrary to the Daweses' frivolous assertions, ... the United States ... properly alleg[ed] jurisdiction in its complaint under 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345").

In their briefing and attached affidavits (Doc. 151 and 170), the Greens assert numerous tax protester arguments that have long been determined patently meritless and frivolous. For example, they argue that they "are not domiciled in the District of Columbia or one of the Territories" and thus do not have any federal tax obligations. (Doc. 170 at 24). They claim that they are not "taxpayers" subject to paying taxes, they are not "citizen[s] of the United States ... wanting the same rights as 'enjoyed by white citizens,'" they are not "associated with the 'United States,'" they are domiciled in a state and are not "federal citizens," and they have never "knowingly waived by [sic] unalienable rights to accept any benefit as a 'citizen of the United States," or waived their "unalienable rights to enter and consent to any 'public rights' doctrine via any adhesion contract or implied-in-law contract." (Doc. 151 at 27-32; *see also* Doc. 170 at 7-9). The Greens also contend that "Congress has plenary Powers for the citizens in the District of Columbia and certain issues of the National Government of the United States including the

4

Power to Tax ...," and thus suggest that they may not be subjected to federal taxes because they do not reside in the District of Columbia. (Doc. 151 at 14). The Greens also argue that the Internal Revenue Service (IRS) has failed to promulgate any "substantive regulations" in the Federal Register and that the IRS has violated the Administrative Procedures Act, such that the Greens have no "obligation or known legal duty" to pay income taxes. (*Id.* at 17, 24; Doc. 170 at 10, 19).[2]

Similar tax protester arguments have been squarely rejected as a basis to avoid payment of, or consequences for failure to pay, taxes:

> [T]he bulk of the Lonsdales' suit constitutes a refrain about the federal government's power to tax wages or to tax individuals at all, which the Lonsdales have been pursuing for at least fourteen years.... [S]ince this circuit has made itself clear on these and similar issues numerous times, the Lonsdales cannot by any stretch of the imagination assert that their arguments regarding the taxability of wages have any support in this circuit. *See United States v. Christensen,* 1990 U.S. App. LEXIS 17594 (10th Cir.1990); *United States v. Mann,* 884 F.2d 532 (10th Cir.1989); *United States v. Dawes,* 874 F.2d 746, 750–51 (10th Cir.1989); *Charczuk v. Commissioner,* 771 F.2d 471, 472–73 (10th Cir.1985); *United States v. Stillhammer,* 706 F.2d 1072, 1077–78 (10th Cir.1983).
>
> As the cited cases, as well as many others, have made abundantly clear, the following arguments alluded to by the Lonsdales are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue Code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429, 15 S. Ct. 673, 39 L. Ed. 759, *modified,* 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only

---

[2] The Greens also dedicate significant briefing to other arguments which have no conceivable relationship to this case. For example, they assert in question format, "Does the Fifteenth Amendment confer any right of suffrage on anyone with the answer being no?" (Doc. 151 at 16; *see also* Doc. 170 at 10). Similarly, they ask, "where is the right or privilege of voting arise under: The Constitution of the United States or the constitution of one of the several States?" (*Id.* at 12). These nonsensical assertions are representative of much of the Greens' briefing in this case.

5

to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.

To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990).

### III. Conclusion

The Greens have provided no legitimate argument that would support a finding of any "fraud..., misrepresentation, or misconduct" by the United States, and there is thus no basis for relief from judgment under Fed. R. Civ. P. 60(b)(3). They have also failed to present any cogent or applicable argument questioning this Court's subject matter jurisdiction, such that there is no basis for the Court to vacate the Judgment under Fed. R. Civ. P. 60(b)(4). Finally, the Greens have presented no "other reason that justifies relief" from Judgment under Rule 60(b)(6). Their arguments are patently frivolous.

The Motion to Vacate (Doc. 151) is hereby **denied**.

ORDERED this 22nd day of May, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE